# IN THE COURT OF APPEALS OF IOWA

No. 23-1764
Filed May 7, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**VERNON JEWELL WALKER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clarke County, Thomas P. Murphy,

Judge.


A defendant appeals his convictions for operating while intoxicated and

possession of marijuana. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Ella M. Newell (argued),

Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau (argued), Assistant

Attorney General, for appellee.


Heard at oral argument by Schumacher, P.J., and Ahlers, Badding,

Chicchelly, and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

Vernon Walker appeals his convictions for operating while intoxicated and possession of marijuana. He argues the State failed to present sufficient evidence to support the jury's guilty verdict on either count. Upon review, we affirm.

## I.     Background Facts and Proceedings

Sometime around 7:00 p.m. in early December 2022, Walker smoked marijuana in a Des Moines restaurant parking lot. Walker then got in his car with a friend and began driving the two toward Kansas City.

Around 10:00 p.m., Iowa State Trooper Tanner Howard pulled Walker over near Osceola for driving without plates or temporary tags. Trooper Howard approached the vehicle and was met with a "very overwhelming" odor of burnt marijuana. He later explained:

> The odor of marijuana when I walked up to the passenger window was very overwhelming . . . . [T]hat night, it was decently windy. Standing outside the vehicle I could plainly and obviously smell the overwhelming odor of marijuana coming from the vehicle. In my experience, it wasn't just even the raw smell; it had a burnt smell to it, indicating that it had been burnt or smoked recently.

When confronted about the smell, Walker confirmed that he had smoked "a couple of hours ago" but denied he had smoked at all while driving. Walker showed Trooper Howard the car's ashtray, which contained "a lot of ash" and "crushed out" "marijuana blunts, joints." On the floor of "the whole front portion of the vehicle along the center console floorboard carpet area," Trooper Howard saw remnants of ground-up marijuana, "shake." The strong odor, Walker later said, was because his passenger had been smoking in the car. When Trooper Howard searched the

passenger, he found a bag of marijuana in her coat pocket. In contrast, no marijuana was found on Walker's person.

Trooper Howard also testified Walker exhibited characteristics consistent with someone who had recently smoked marijuana. Walker's eyes were "extremely bloodshot and watery." He appeared tired; his eyelids were not fully open. When talking, Walker "repeat[ed] himself multiple times, and he seemed very delayed in his responses." But Walker maintained he was not at all impaired by his earlier admitted marijuana use.

Based on Walker's admission and Trooper Howard's observations, Trooper Howard requested Walker perform field-sobriety testing. Walker agreed. Trooper Howard administered two tests: a horizontal gaze nystagmus test, in which Trooper Howard moved a finger back and forth in front of Walker's face and asked Walker to follow it with his eyes; and a walk-and-turn test, with Walker stepping heel-to-toe along an imaginary line, turning through a series of small steps, and returning in the same manner along the same imaginary line. Walker showed signs of impairment during both tests. Trooper Howard asked Walker to perform a third test, the one-leg stand, but Walker declined due to medical issues. Any indication of impairment, Walker claimed, was due to his diabetic condition. Walker also declined to provide a urine sample for testing. Trooper Howard believed Walker had been driving while impaired and arrested Walker.

The State charged Walker by trial information with operating while intoxicated (OWI), first offense, in violation of Iowa Code section 321J.2(2)(a) (2022), and possession of marijuana, first offense, in violation of Iowa Code

section 124.401(5). A jury convicted Walker on both counts. Walker appeals, challenging the sufficiency of the evidence as to both convictions.

## II.    Standard of Review

"We evaluate sufficiency-of-the-evidence claims for substantial evidence, upholding a verdict if substantial evidence supports it." *State v. Warren*, 955 N.W.2d 848, 856 (Iowa 2021). "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "We consider all of the evidence in the light most favorable to the verdict, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record." *State v. Folkers*, 941 N.W.2d 337, 338 (Iowa 2020).

## III.    Analysis

## A.    Operating While Intoxicated

The jury was instructed an OWI conviction required the State to prove (1) on the night of his arrest, "Mr. Walker operated a motor vehicle" and (2) "[a]t that time, Mr. Walker was under the influence of alcohol, drugs, or a combination of alcohol and drugs." On the second element, the jury was informed,

> A person is "under the influence" when, from using a controlled substance, one or more of the following is true:
> 1. His reason or mental ability has been affected.
> 2. His judgment is impaired.
> 3. His emotions are visibly excited.
> 4. He has, to any extent, lost control of bodily actions or motions.

The jury was also instructed that it could consider Walker's refusal to provide a urine sample.

Walker does not contest that he was driving a motor vehicle but maintains the State failed to present sufficient evidence to establish beyond a reasonable doubt that he was under the influence while driving.

Walker admitted he smoked "a blunt or so" earlier that evening, admitted his passenger was smoking in the car, and showed Trooper Howard the ash tray with ash and blunt remnants. The "shake" on the car's floor was consistent with what would be left behind when a person has been preparing blunts or joints. Trooper Howard explained at trial, it would be difficult for a driver to prepare their own blunt while driving, but it would be normal for a passenger to prepare a blunt and share it. He said that a driver and a passenger "would normally pass one back and forth."

Also, Walker's demeanor and appearance indicated Walker had used marijuana more recently than three hours ago. Walker's speech was at times "very slurred," his responses to questions "seemed very delayed," and he "repeat[ed] himself multiple times." His eyes were bloodshot. His eyelids were droopy, but he denied being tired. Trooper Howard testified he observed signs of impairment when Walker performed both field-sobriety tests. Walker then declined to perform any more tests, including a urine test, which the jury could consider to determine Walker's guilt or innocence. *See* Iowa Code § 321J.16.

Walker argued his "uncontrolled" diabetes caused any symptoms that indicated intoxication, not marijuana. However, beyond his own testimony, Walker did not present any evidence of such a causal connection at trial.[1] The jury was

___

[1] Walker's appellate briefing includes two hyperlinks to diabetes-related websites and statements drawn therefrom. These sources were not presented at trial and

free to reject Walker's explanation, instead crediting Trooper Howard's testimony and the dash-cam video evidence presented at trial. *See State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (recognizing it is the jury's duty to assess witness credibility, resolve conflicting testimony, and make plausibility determinations); *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."). Based on the jury's guilty verdict on the OWI charge, this is clearly what the jury did. It is not within our province to render our own credibility determinations when reviewing for sufficient evidence. *See State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006); *State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000) ("We defer to the [fact finder's] assessment of credibility here . . . .").

Viewing this evidence in the light most favorable to the verdict, there is sufficient evidence to conclude beyond a reasonable doubt Walker's mental ability was affected or he had lost some extent of control over bodily actions, or both, due to smoking marijuana. These conclusions allowed the jury to find beyond a reasonable doubt that Walker was under the influence while driving. Substantial evidence supports the jury's guilty verdict on the OWI charge.

---

are not included in the trial court record. We decline to consider such information as it is outside our appellate record. *See, e.g.*, *Rane v. Adams Lab'ys., Inc.*, 778 N.W.2d 677, 697 n.4 (Iowa 2010); *RV Central, Inc. v. Plaats*, No. 19-1812, 2020 WL 4197758, at *3 (Iowa Ct. App. July 22, 2020); *see also* Iowa R. App. P. 6.801 (establishing what comprises the record on appeal).

### B.      Possession of Marijuana

To convict Walker for possession of marijuana, the State was required to prove beyond a reasonable doubt that (1) on the night of his arrest, "Walker knowingly or intentionally possessed marijuana," and (2) "Walker knew that the substance he possessed was marijuana." The jury was instructed that possession could be established through either actual or constructive possession.[2]

Walker argues the State failed to present sufficient evidence of either actual or constructive possession because no marijuana was found on Walker's person and the circumstances showed the marijuana that was found belonged to the car's passenger, not Walker. Walker further asserts actual possession cannot be established by his admission to smoking in the Des Moines restaurant parking lot because Des Moines is in Polk County and, according to Walker, the State was required to prove Walker possessed marijuana in Clarke County.

**Actual Possession**

We determine the State provided sufficient evidence for the jury to conclude that Walker had actual possession of marijuana in Clarke County. "Actual possession may be shown by direct or circumstantial evidence." *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010). "[T]he distinction between actual possession and constructive possession does not turn on whether a defendant was apprehended with the contraband, but on whether there is sufficient evidence that contraband was in his or her physical possession at some point in time." *Thomas*, 847 N.W.2d at 442. As such, substantial evidence may exist to support a finding

---

[2] The jury was instructed that they could not consider the marijuana located in the passenger's pocket to convict Walker for possession of marijuana.

of actual possession even if the controlled substance "was not found on [the defendant's] person at the time of the stop." *Vance*, 790 N.W.2d at 784.

Walker admitted smoking marijuana roughly three hours prior to the stop. *See State v. Hayer*, No. 17-1951, 2019 WL 1056745, at *4 (Iowa Ct. App. Mar. 6, 2019) ("He could not have smoked it had he not possessed it."). Walker's admission that he smoked marijuana in the restaurant parking lot is circumstantial evidence that, at the least, marijuana was in Walker's physical possession three hours earlier and that he knew it was marijuana. But the additional evidence in the record supports a finding that he was in actual possession of marijuana in Clarke County as opposed to only Polk County. *See State v. Meyers*, 799 N.W.2d 132, 139 (Iowa 2011) ("[A]dmissions of essential facts or elements of the crime made after the alleged crime must be supported with sufficient corroborating evidence.").

Trooper Howard encountered a strong odor of burnt marijuana as he approached Walker's vehicle. And as presented to the jury, the car's ashtray had in it "a lot of ash" and "crushed out" "marijuana blunts, joints." And the floor of "the whole front portion of the vehicle along the center console floorboard carpet area," had remnants of ground-up marijuana, "shake." The jury also heard testimony from Trooper Howard that he believed Walker had smoked marijuana recently, rather than several hours ago. Walker tried to blame his passenger for the smell and the blunt remnants by saying she was the only one smoking while he drove. But again, the jury was free to reject Walker's testimony. *See Williams*, 695

N.W.2d at 28. Substantial evidence exists to support the jury's finding that Walker had actual possession of marijuana.[3]

**IV.    Conclusion**

The State presented substantial evidence to support the jury's findings of guilt on both charges. Accordingly, we affirm.

**AFFIRMED.**

---

[3] Because we find substantial evidence of actual possession, we do not address Walker's arguments on constructive possession.